ry notes to the same plaintiff, and refused, because of the diversity of the contracts.*

Per Curiam. The contracts being separate and independent, it is not a case for consolidation, and not to be distinguished from that of the notes. There never was an instance of consolidating different policies.

### James Shuter v. Richard S. Hallett.

D. L. OGDEN moved for a rule to vacate the rule for a commission which had issued in this cause, in the spring of 1802. The facts, as appeared by affidavit, were these :

A commission had issued at that time, in which the defendant had joined, but not being returned, another was sued out in November last, and as there were no hopes of the first being returned, the parties agreed that the testimony taken on the second, which was on the same interrogatories, should be read in evidence on the trial. After this, the cause was duly noticed, but the judge refused to let it come on, as the counsel for the defendant had joined in the commission.

Per Curiam. The commission is as much the defendant's as the plaintiff's, and he may take the bene-

---

* By the practice of the English courts, if the defendant be held to bail in two actions which might be joined, the plaintiff will be obliged to consolidate and have to pay the costs of the application. Cecil v. Briggs, 2 D. & E. 639.

fit of it on trial. We cannot, therefore, vacate the rule, but the plaintiff may have one to proceed to trial notwithstanding the commission.*

### *Joseph Grover* v. *Benjamin Green.*

THE defendant was attending a reference, under a rule of the court of common pleas for *Cayuga*, in a suit, wherein he was plaintiff, and the present plaintiff defendant, when he *(Green)* was arrested by *Grover*, on a writ out of this court.

*Emott* moved for a rule, that the defendant be discharged out of custody, on common bail, the plaintiff having abused the process of the court, but no notice had been given of the motion.

*Per Curiam.* By this means any body may get himself discharged.

*Emott.* If the affidavit be false, the party may be indicted for perjury.

*Per Curiam.* But the plaintiff may lose his debt. Take a rule to show cause the first day of next term, why he should not be discharged, and in the mean time, let proceedings be staid.

### *Hugh Lackey and Joshua Briggs* v. *Daniel McDonald.*

THE plaintiffs, in *July*, 1802, had stipulated to try this cause at the next circuit court, and did not do so.